

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2008

# USA v. Evans

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2650

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Evans" (2008). *2008 Decisions.* Paper 1374.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1374

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2650
_____

UNITED STATES OF AMERICA

v.

STEVEN EVANS,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Nos. 04-cr-00584 and 04-cr-00586)
District Judge:  Honorable Timothy J. Savage
_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2008

Before:  FISHER, GREENBERG and ROTH, *Circuit Judges*.

(Filed: March 28, 2008)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Two issues are raised in this criminal appeal:  the validity of a search warrant

precedent to a vehicle search and the validity of a sentence that did not distinguish

between crack and cocaine base for purposes of the criminalizing statute. For the reasons that follow, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On September 22, 2004, the Government filed a four-count indictment against Steven Evans on drug (Counts I and II) and firearm (Counts III and IV) charges.

An evidentiary hearing on Evans' motion to suppress was conducted on April 14 and 19, 2005. There, Officer Timothy Riley testified to his activities on January 8, 2003, from approximately 8:20 to 9:15 in the evening. He and another officer had established a surveillance on the 4400 block of Colorado Street in Philadelphia, following complaints of drug sales and drug-related shootings in the area. Officer Riley noticed that Evans was standing on the west side of Colorado Street in front of a black 1998 Chevrolet Tahoe parked in front of 4450 North Colorado Street.

Within five minutes, Officer Riley, with the aid of binoculars, saw an individual approach Evans and exchange money for "something" that Evans took out from the Tahoe. Shortly thereafter, Officer Riley observed a similar engagement between Evans and another individual. After driving away from the block, Evans returned approximately 30 minutes later and encountered Izell Stewart, who gave Evans money in exchange for an object, again removed from the Tahoe. Police stopped Stewart as he walked away

from the area, and found on his person a small green packet and a small clear packet, both containing cocaine base. Shortly thereafter, at approximately 9:15, Evans walked away from the Tahoe to 1708 Wingohocking Avenue, where officers arrested him.

Officers then opened the Tahoe (still parked on Colorado Street) and determined that no one else was inside. They then transported the car to police headquarters using a key they recovered from Evans. Officer Riley then applied for and obtained Search Warrant Control No. 107057 to search the Tahoe. The affidavit accompanying the warrant detailed the above facts of January 8, 2003. Upon executing the warrant, officers seized thirty-three green plastic packets of cocaine base, six clear baggies of cocaine base, $200 cash, a loaded Glock 9 mm semiautomatic pistol, and fifteen live rounds. After concluding the hearing, the District Court denied the motion to suppress.

On September 19, 2005, the matter proceeded to trial. The jury found Evans guilty on all four counts. On May 4, 2006, the District Court sentenced Evans to 6 months on Counts I and IV concurrently, 60 months on Count II consecutively, and 60 months on Count III consecutively, for an aggregate sentence of 126 months, which is below the applicable Guidelines range of 157 to 181 months. Evans filed a timely notice of appeal.

II.

We have jurisdiction under 28 U.S.C. § 1291. *United States v. Perez*, 280 F.3d 318, 327 (3d Cir. 2002). We review "the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercise[] plenary review of the District Court's application of the law to those facts." *Id.* at 336. We also exercise

3

plenary review over sentencing claims raising purely legal issues of statutory interpretation. *See United States v. Singletary*, 268 F.3d 196, 199 (3d Cir. 2001).

A.

Evans argues first that the District Court should have granted his motion to suppress because the warrant underlying the search of his Tahoe was not supported by probable cause. In considering this argument we must determine "whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Williams*, 124 F.3d 411, 420 (3d Cir. 1997) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

Here, there was ample information set forth in the affidavit to support the determination that evidence of crime would be found in the Tahoe. Officer Riley observed three transactions with different individuals in which Evans reached into the Tahoe to procure objects upon receipt of cash. The third transaction (involving Stewart) yielded the seizure of cocaine base on Stewart's person just moments after his encounter with Evans. There was thus a fair probability that more such contraband would be found in the Tahoe. Based on this information and other circumstances pertinent to an experienced narcotics officer, Officer Riley applied for a warrant to search the Tahoe.

We previously have found probable cause under similar circumstances. In *United States v. Burton*, 288 F.3d 91 (3d Cir. 2002), we approved a vehicle search because the officers observed the defendant "leave what they thought to be a drug deal and place the results of that transaction in his trunk." *Id.* at 100. Further, that case dealt with a

4

warrantless search, so in this case we are even more constrained – as was the District Court – to disturb the independent approval of probable cause signified by a warrant. *See United States v. Whitner*, 219 F.3d 289, 296 (3d Cir. 2000) ("The issuing judge or magistrate may give considerable weight to the conclusions of experienced law enforcement officers regarding where evidence of a crime is likely to be found and is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense."). Accordingly, there was probable cause to support the search warrant that Evans challenges, and the District Court correctly denied his motion to suppress the fruits of the search conducted pursuant to that warrant.

B.

As to his sentence, Evans challenges only the 60 months (five years) he received on Count II: possession of cocaine base with intent to distribute. He argues that we should overrule *United States v. Barbosa*, 271 F.3d 438 (3d Cir. 2001), which held that "'cocaine base' encompasses all forms of cocaine base with the same chemical formula when the mandatory minimum sentences under 21 U.S.C. § 841(b)(1) are implicated." *Id.* at 467. Section 841(b)(1) imposes a five-year mandatory minimum for offenses involving five grams or more of cocaine base. Evans concedes that the jury found him guilty of possession with intent to distribute more than five grams of cocaine base, but argues that § 841(b)(1)'s definition of "cocaine base" means crack only and not the form of cocaine base that the record showed he possessed. Evans acknowledges that *Barbosa* squarely forecloses that argument.

5

Other than citing cases from other courts of appeals predating and thoroughly analyzed in *Barbosa*, Evans does not cite any authority that overrules or abrogates *Barbosa*. Our cases "loosening" the 100:1 crack/powder cocaine ratio are inapposite because they deal with the Sentencing Guidelines, not the statutory mandatory minimum. *See*, *e.g.*, *United States v. Gunter*, 462 F.3d 237, 248-49 (3d Cir. 2006) (distinguishing between Sentencing Guidelines and the minima and maxima of § 841(b)). The same can be said for *Kimbrough v. United States*, 128 S. Ct. 558 (2007), in which the Supreme Court held that a district court should be free to consider the disparity inherent in the Guidelines ratio when considering a sentence's reasonableness. *Id.* at 573. Neither *Kimbrough* nor our cases authorize a district court to exempt non-crack forms of cocaine base from the definition of cocaine base for purposes of § 841(b)(1), so we have no occasion here to reconsider *Barbosa*.

III.

For the foregoing reasons, we will affirm the District Court's judgment.